In re **FIDELITY AMERICA MORTGAGE CO. (a Delaware Corporation), Debtor.**

**CITIBANK, N.A., Plaintiff,**

v.

**FIDELITY AMERICA MORTGAGE CO. (a Delaware Corporation), Defendant.**

**Bankruptcy No. 81–00387G.
Adv. No. 81–0375G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 15, 1981.

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for intervenor, Walnut Knolls Associates.

David S. Hope, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff, Citibank, N.A.

Michael Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for debtor/defendant, Fidelity America Mortgage Co.

Norman M. Kranzdorf, Kranzco Realty Inc., Bala Cynwyd, Pa., Trustee.

Alexander N. Rubin, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for trustee, Norman M. Kranzdorf.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for secured mortgage noteholders in FAMCO.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., Lawrence R. Scheetz, Williams & Scheetz, Richboro, Pa., for creditors' committee in FAMCO.

Elizabeth K. Heinze, Drexel Hill, Pa., Chairwoman, unsecured creditors' committee in FAFCO.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The narrow issue before us is whether we should grant the motion of Walnut Knolls Associates for leave to intervene in the above captioned adversary proceeding. We conclude that we should.

The facts before us are as follows: [1]

On April 14, 1981, Citibank filed a complaint for relief from the automatic stay against Fidelity America Mortgage Co., a Delaware Corporation, ("the debtor") seeking an order permitting Citibank to proceed with foreclosure actions against certain property known as the Walnut Knolls Apartments. A hearing was held thereon on July 29, 1981, at which time some testimony was taken and the trial was continued. Thereafter, Walnut Knolls Associates ("WKA") filed the instant motion to intervene in that action.

In its motion to intervene, WKA alleges that it has an interest in the subject of the action because it contends that, prior to the institution of the complaint, the debtor had conveyed title to it of the buildings comprising the Walnut Knolls Apartments as well as granting it an option to purchase the underlying land. In addition, WKA asserts that it is so situated that any decision in the instant complaint may impair its ability to protect its interests in that property. Furthermore, WKA asserts that, because the debtor has been removed as the general partner of WKA, the debtor will not adequately represent the interests of WKA in the action for relief from the stay.

We conclude that WKA has demonstrated that it is entitled to intervene in the instant action. Rule 24 of the Federal Rules of Civil Procedure (made applicable herein by Rule 724 of the Rules of Bank-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

ruptcy Procedure) provides in pertinent part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action .... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Clearly one who claims to have an interest, different from the debtor's, in property which is the subject of a complaint for relief from the stay imposed on a creditor of the debtor's has the right to intervene in that action and to be heard on the issue of the appropriateness of that relief. This is demonstrated by the fact that the automatic stay provisions of the Bankruptcy Code ("the Code") are as much for the benefit of the creditors as for the debtor's benefit. The legislative history to § 362(a) thus provides in part:

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340 (1977); S.Rep.No.95–989, 95th Cong. 2d Sess. 49 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6296. Consequently, we conclude that WKA should be permitted to intervene in the instant action.

The objections of Citibank to WKA's motion to intervene do not persuade us otherwise. Citibank argues, first, that WKA is not entitled to intervene in the instant case because a decision on the complaint for relief from the stay will not impair WKA's ability to protect its interests. Citibank argues that this is so because, even if relief from the stay is granted, WKA will still have the opportunity to defend the foreclosure action in the state courts. We disagree with Citibank's assertion because, as we stated above, WKA, as a creditor of the debtor, is entitled to the benefits of the automatic stay and it is the right to protect that interest which will be impaired if WKA is not permitted to intervene herein.

Citibank argues, in addition, that to permit WKA's intervention would introduce extraneous issues which are not appropriate in a § 362 proceeding. While we agree with Citibank's assertion that the issues relevant in a § 362 action are narrow ones (namely, the grounds stated in § 362(d) on which relief from the stay may be founded), we find no evidence that WKA's intervention will raise any issues other than those appropriate under § 362(d).

Citibank also objects on the ground that intervention will cause an undue delay in the proceedings which will prejudice its rights. Again, we disagree because we find that there need not be any delay caused by WKA's intervention. The continued trial of this matter is presently scheduled for October 28, 1981,[2] and we find that that allows ample time for WKA to intervene, to file whatever pleading it desires and prepare for trial before that date.

■ Citibank further argues that the motion of WKA is procedurally defective in that it is not accompanied by a pleading setting forth the claim or defense for which intervention is sought. While we agree that Rule 24(c) of the Federal Rules of Civil Procedure contains such a requirement, we conclude that Citibank is not harmed by WKA's error. We will, however, direct WKA to file such a pleading within 10 days of the date of the order accompanying this opinion.

---

**2.** In its objection herein, Citibank has admitted that the delay to date has, in part, been occasioned by its need to complete discovery.